# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

_____

**In re:**

ALAN GREENWAY,
dba Greenway Seed Co.,

**Debtor.**

**Bankruptcy Case No. 04-04100**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> D. Blair Clark, RINGERT, CLARK, Boise, Idaho, Attorney for
> Debtor.
>
> Warren Derbidge, Assistant U.S. Attorney, Boise, Idaho, Attorney
> for IRS.
>
> John Krommenhoek, Boise, Idaho, Chapter 13 Trustee.

### Background

Debtor Alan Greenway objects to the proof of claim filed in this

bankruptcy case by the Internal Revenue Service ("IRS") for a 1998 tax liability,

contending that it is not a priority claim under 11 U.S.C. § 507(a)(8)(A)(i) and is

MEMORANDUM OF DECISION - 1

subject to discharge.[1]  The IRS responded, asserting Debtor's objection had not

been properly served upon the United States Attorney General under Rule

7004(b)(4) and (5), and that its claim for unpaid 1998 taxes is entitled to priority

status under § 507(a)(8)(A)(iii).  The Court conducted a hearing on March 7, 2006,

taking the issues under advisement at its conclusion.  This Memorandum

constitutes the Court's findings of fact, conclusions of law, and disposition of the

issues.  Fed. R. Bankr. P. 7052; 9014.

## Facts[2]

At the hearing, Debtor's counsel represented that Debtor filed his

federal income tax return for 1998 before the April 15, 1999 deadline, and that his

return was therefore timely filed.  However, the IRS thereafter conducted an audit,

and determined that more taxes were owed than reported on Debtor's return.

Because Debtor disputed the amount, he filed an action in the United States Tax

Court to contest the results of the audit.  *See* Obj. at 1, Docket No. 77.  On

---

[1]  Unless otherwise indicated, all chapter, section and rule references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1330, the Federal Rules of Bankruptcy Procedure,
Rules 1001–9036, and this Court's Local Bankruptcy Rules, Rules 1001.1–9034.1, as
promulgated and enacted prior to the effective date of the Bankruptcy Abuse Prevention
and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

[2]  The Court presumes the following facts are not disputed by the parties, but
neither party submitted a stipulation of facts to assist the Court.  To determine the
relevant facts, the Court has resorted to gleaning them from the briefs and the
representations made by the attorneys at the hearing.

MEMORANDUM OF DECISION - 2

November 16, 2004, Debtor filed his Chapter 11 petition.  Docket No. 1.  The action in Tax Court was therefore stayed.  On May 31, 2005, the Court granted Debtor's motion to convert his case to one under Chapter 13.  Docket No. 31.  This dispute concerning the IRS's claim then ensued.

The IRS filed its third amended proof of claim, Claim No. 29, on January 26, 2006, asserting that Debtor owes $11,379 in income taxes and $5,065.50 in prepetition interest for the tax period ending December 31, 1998, and that its claim for those taxes is entitled to priority.[3]  IRS indicates in the proof of claim that the 1998 tax liability has not been assessed because an examination is pending.

Debtor objected to the IRS's claim.  He served his objection, and two amended objections, by mailing a copy to the local U.S. Attorney, directed to the attention of the "Civil Process Clerk."  Obj. and Am. Obj., Docket Nos. 77, 82, 89.  His second amended objection, filed on January 30, 2006, was also served upon Alberto Gonzales, the Attorney General for the United States.  Second Am. Obj., Docket No. 89.  The IRS had previously filed a response to the first amended objection on January 4, 2006.  Docket No. 88.

---

[3]  The IRS originally asserted Debtor owed over $100,000 in taxes, penalties and interest as an unsecured priority claim.  Claim No. 12.  All subsequent claims filed in this case by the IRS concerning the 1998 taxes have borne this reduced amount.  *See* Claim Nos. 16, 25.

MEMORANDUM OF DECISION - 3

## Analysis

### A.    Debtor's Second Amended Objection Was Properly Served.

The Court in *In re Chamberlin*, 04.1 I.B.C.R. 31, 33 (Bankr. D. Idaho 2004) explained the service requirements under Rule 7004(b) when the IRS is a party in a contested matter governed by Rule 9014.  Rule 7004(b)(5), read together with Rule 7004(b)(4), requires the objection to claim to be mailed to the IRS and to the United States by mailing the objection addressed both to the civil process clerk at the office of the United States attorney for the district in which the action is brought, and to the Attorney General of the United States in Washington, D.C.  *Id.* at 33 (discussing Rule 7004(b)(4) and (5)).  Rule 7004(b)(5) allows a reasonable time for service to cure a failure to mail the objection to multiple agencies of the United States provided the Debtor has mailed a copy of the objection to either the civil process clerk at the office of the local United States attorney for the proper district, or to the Attorney General of the United States.

In this case, Debtor originally mailed a copy of his objection only to the civil process clerk at the office of the United States attorney for the District of Idaho and to the local IRS office in Boise, Idaho.  Service in this fashion was therefore defective because there was no mailing to the Attorney General.  However, as noted, the Rule allows a reasonable time for curing such a defect, and

MEMORANDUM OF DECISION - 4

here Debtor's second amended objection, Docket No. 89, indicates the defect in

service was corrected. Since all three agencies were eventually served by mail

prior to the hearing, the IRS's objection on the grounds of improper service will be

denied.

**B.      The IRS's Claim Is Entitled To Priority Under § 507(a)(8)(A)(iii).**

Debtor's substantive objection concerns whether priority status

should be afforded IRS's claim for Debtor's 1998 income taxes, and whether or

not the amount is "liquidated" such that the claim can be allowed. Second Am.

Obj. at 2, Docket No. 89. Debtor argues that because the claim is subject to

dispute and an action in Tax Court is in process, the Court should "disallow" the

claim for distribution at this time. *Id.*

Under § 502(a), a timely filed proof of claim is deemed allowed

unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim filed in

accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the

validity and amount of the claim. Fed. R. Bankr. P. 3001(f). If an objection to the

claim is made, the court is directed to determine the amount of the claim as of the

date the petition was filed, and "shall allow such claim . . . except to the extent

that — (1) such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law for a reason other than because such

MEMORANDUM OF DECISION - 5

claim is contingent or unmatured[.]" 11 U.S.C. § 502(b)(1). Debtor, as the

objector in this case, bears the burden of presenting evidence sufficient to

overcome the *prima facie* validity of IRS's claim. *In re Pugh*, 157 B.R. 898, 901

(9th Cir. BAP 1993). If Debtor succeeds, the IRS bears the ultimate burden of

persuasion that the claim should be allowed. *Id*. The applicable law here is

federal law. *In re West One Mineral, Inc.*, 96.1 I.B.C.R. 12, 13 (Bankr. D. Idaho

1996).

Debtor's objection to the allowance of the IRS's claim on the basis

that it is "unliquidated" is not a proper basis for objection under § 502(b). A

"liquidated" claim or debt is simply one capable of "ready determination and

precision in computation of the amount due," regardless of whether a dispute

concerning liability for the debt exists. *In re Nicholes*, 96.1 I.BC.R. 22, 23 (Bankr.

D. Idaho 1996). Under § 502(b), the Court is permitted to determine the amount of

any disputed claim, and under § 502(c)(1), the Court may estimate contingent or

unliquidated claims if the liquidation of a claim would unduly delay the

administration of the case. Moreover, specific statutory provision is made for

determination of tax claims. Section 505(a)(1) and (2) allow the Court to

"determine the amount or legality of any tax . . . whether or not previously

assessed, whether or not paid, and whether or not contested before and adjudicated

MEMORANDUM OF DECISION - 6

by a judicial or administrative tribunal of competent jurisdiction," so long as the amount of the tax has not been finally adjudicated by another competent tribunal before the commencement of the bankruptcy case.  11 U.S.C. § 505(a).

Debtor appears to confuse "liquidation" with the bankruptcy concept of claims allowance.  The Court is expressly permitted by the Code to fix the amount of the IRS's claim.  The Court may abstain from making such determination under appropriate circumstances, *see* 28 U.S.C. § 1334(b), (c), but the exercise of that option would not equate to disallowance of the claim.

Debtor does not dispute that he owes income taxes, in some amount, for 1998.  He has cited no law suggesting that the IRS's claim can not be enforced against Debtor.  Instead, the Court assumes from Debtor's objection that Debtor disputes liability as to the amount IRS has determined he owes, and that Debtor desires to go forward with the prepetition action brought before the United States Tax Court rather than have this Court, under authority of the Bankruptcy Code, determine the amount of Debtor's 1998 tax liability.  Under these circumstances, there is no basis to disallow the IRS's claim.

The second issue raised by Debtor's objection is whether the IRS's claim for the 1998 tax liability is entitled to priority of distribution in this case.

MEMORANDUM OF DECISION - 7

Section 507(a)(8)(A) provides in relevant part that allowed unsecured claims of

governmental units are given eighth priority if the claim is for:

> (A) a tax on or measured by income or gross receipts—
> (i) for a taxable year ending on or before the date of the
> filing of the petition for which a return, if required, is
> last due, including extensions, after three years before
> the date of the filing of the petition;
> (ii) assessed within 240 days, plus any time plus 30
> days during which an offer in compromise with respect
> to such tax that was made within 240 days after such
> assessment was pending, before the date of the filing of
> the petition; or
> (iii) other than a tax of a kind specified in section
> 523(a)(1)(B) or 523(a)(1)(c) of this title, not assessed
> before, but assessable, under applicable law or by
> agreement, after, the commencement of the case[.]

Both parties agree that the taxes at issue are income taxes.  As a result, the

requirements of § 507(a)(8)(A) are satisfied.

The three subsections specifying the conditions for priority in

§ 507(a)(8)(A) are stated in the disjunctive; they are separated by "or" rather than

"and."  Thus, a tax debt need come within the requirements of only one of the

three subsections in order to earn priority status.  *Vitaliano v. Franchise Tax Board*

(*In re Vitaliano*), 178 B.R. 205, 208 (9th Cir. BAP 1995).  *See also* 11 U.S.C.

§ 102(5) (specifying that "or," when used throughout the Code, is not exclusive);

*Longley v. United States* (*In re Longley*), 66 B.R. 237, 240–41 (Bankr. N.D. Ohio

MEMORANDUM OF DECISION - 8

1986) (discussing § 102(5) in the context of § 507(a)(8)(A), and finding that its

subparagraphs constitute three separate grounds to establish priority).

Under subsection (iii), so long as the tax upon which the claim is

based is "assessable" as of the petition date and thereafter under applicable law (in

this case, the Internal Revenue Code), the tax claim is entitled to priority even if

the taxes relate to tax years prior to three years before the filing of the petition. *In*

*re Lemke*, 145 B.R. 1005, 1006–7 (Bankr. D. Idaho 1991); *Longley*, 66 B.R. at

242. "Assessment" refers to a well-established tax law concept that describes the

act of ascertaining the amount of tax, interest, and penalties due. *In re*

*Chamberlin*, 04.1 I.B.C.R. at 32 (citing *United States v. Dixiline Fin., Inc.*, 594

F.2d 1311, 1312 (9th Cir. 1979)). *See also Anderson v. United States* (*In re*

*Anderson*), 157 B.R. 104, 108 (Bankr. N.D. Ohio 1993) ("Assessment is a basic

bookkeeping technique used by the IRS to record tax liabilities."). Assessment

does not automatically occur upon the filing of a tax return. 26 U.S.C. § 6151(a)

(providing that a return is required even without an assessment from the IRS); 26

U.S.C. § 6213 (describing the alternative ways tax may be assessed).

The tax law allows the IRS three years after the return is filed to

assess taxes. 26 U.S.C. § 6501(a). The three-year limitations period is suspended,

however, during any time in which the IRS is prohibited from making the

MEMORANDUM OF DECISION - 9

assessment because a proceeding has been commenced in Tax Court, until the

decision of the Tax Court becomes final, and for sixty days thereafter.  26 U.S.C.

§ 6503(1)(a); *Smith v. C.I.R.*, 925 F.2d 250, 253 (8th Cir. 1991) (citing

§ 6503(1)(a) and explaining that the three-year statute of limitations is tolled once

a petition has been filed with the tax court).[4]

       While both parties argue their respective positions whether, under

§ 507(a)(8)(A)(iii), the IRS's claim has priority, neither Debtor nor the IRS

provided the Court with the necessary information to make a determination.

Depending upon when Debtor filed his tax return for his 1998 taxes, the IRS

would have three years thereafter within which to make an assessment.  Debtor

apparently filed his return on or before April 15, 1999, meaning that the three-year

period would run until, at the latest, April 15, 2002.  The three-year limitations

period for assessment would therefore be tolled only if the Tax Court action was

commenced  before that period expired.

---

[4]  The three-year period is also suspended while the IRS is barred from collecting a tax by a taxpayer's bankruptcy filing, provided the period had not expired at the time the bankruptcy case was commenced.  *In re Klingshirn*, 209 B.R. 698, 702 (6th Cir. BAP 1997) *aff'd*, 147 F.3d 526 (6th Cir. 1998) (interpreting 11 U.S.C. § 108(c), which extends a statute of limitations that would expire while the automatic stay is in effect).  Because Debtor's bankruptcy case was filed in 2004, well after the three-year period would have otherwise expired during 2002, it is the timing of the commencement and pendency of the Tax Court action that is critical in this instance.

MEMORANDUM OF DECISION - 10

While the parties informed the Court that a trial date before the Tax Court was set for May 9, 2005, this Court is unaware of the commencement date of that action.  Moreover, the Court is also in the dark concerning when, if at all, the IRS assessed Debtor's 1998 tax liability.  Without sufficient information to measure the IRS's claim against the statutory requirements, the outcome of the claims litigation hinges upon the burden of proof.  Debtor carries the burden of proof to overcome the *prima facia* validity of the IRS's claim, including its assertion of a priority.

Debtor argues the claim is not entitled to priority because it falls outside of the period specified in § 507(a)(8)(A)(i).  Section 507(a)(8)(A)(i) gives priority to payment of taxes "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due . . . after three years before the date of the filing of the petition."  The return for Debtor's 1998 taxes was due April 15, 1999, which is beyond the three year look back period measured from the date Debtor filed his petition in November 2004.  Debtor is therefore correct that the IRS's claim would not be entitled to priority under § 507(a)(8)(A)(i).  However, while Debtor is correct on this point, his argument that the IRS's claim is not entitled to priority fails.  Because the subsections of § 507(a)(8)(A) establish alternative grounds for establishing priority, Debtor

MEMORANDUM OF DECISION - 11

cannot defeat the IRS's claim for priority under subsection (iii) by arguing the

claim does not have priority under another subsection.

### Conclusion

Debtor failed to carry his burden in this contested matter under

§ 502(a), and the IRS's claim will be allowed as a priority claim. A separate order

will be entered consistent with this decision denying Debtor's objection.[5] Of

course, if Debtor can establish the appropriate factual predicate, he may move for

reconsideration of the Court's decision under Fed. R. Bank. P. 3008.

Dated: May 10, 2006

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] Debtor's argument that his 1998 tax liability should be subject to discharge adds nothing to this discussion. Under § 1322(a)(2), Debtor's plan must provide to pay the full amount of all claims entitled to priority under § 507. In other words, whether the IRS's claim is dischargeable upon confirmation and completion of Debtor's proposed Chapter 13 plan raises the same issues and factual questions as the priority analysis above. For now, since the Court has determined that the IRS's claim is an allowed priority claim, it is not dischargeable.

MEMORANDUM OF DECISION - 12